Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 2 | **DATE** | 3/27/2002 |
| **CASE TITLE** | U.S.A. ex rel Fields vs. James Chrans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the motion of the respondent, James Chrans, to dismiss the petition for habeas corpus [7-1]. Respondent is given until 5/2/2002 to file an answer to the petition for habeas corpus. Petitioner is given until 6/13/2002 to file a reply brief.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 28 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 15 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| TSA courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. )<br>JAMES FIELDS, )<br> )<br>  Petitioner, )<br> )<br> )<br>v. )<br> )<br>JAMES CHRANS, )<br> )<br>  Respondent. ) | No. 01 C 0002<br><br>Wayne R. Andersen<br>District Judge |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the motion of respondent, James Chrans, to dismiss petitioner James Fields' petition for habeas corpus. For the following reasons, we deny the motion to dismiss the petition for habeas corpus as untimely.

BACKGROUND

On November 15, 1992, after a jury trial, petitioner was found guilty of two counts of first degree murder and sentenced to two terms of natural life imprisonment without parole. Petitioner appealed his conviction and sentence to the Illinois Appellate Court, First Judicial District. On December 26, 1996, the Illinois Appellate Court affirmed petitioner's conviction and sentence. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on December 3, 1997.

On June 30, 1998, petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County. The trial court summarily dismissed the post-conviction petition on July 17, 1998.

In its minute order, the trial court held that "no substantial constitutional issue is presented.. . . Therefore, this court hereby dismisses said P.C. petition as frivolous and patently without merit under 725 ILCS 5/122-2.1(A)(2)."

On May 17, 1999, petitioner appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, First Judicial District. The Office of the State Appellate Defender was appointed to represent petitioner in his appeal. Appointed counsel filed a motion in accordance with Pennsylvania v. Finley, 481 U.S. 551 (1987), indicating that there are no issues of merit upon which the petitioner could expect to obtain any relief. The Illinois Appellate Court decided to take appointed counsel's Finley motion with the case. On September 30, 1999, the Illinois Appellate Court granted appointed counsel's motion for leave to withdraw and also affirmed the trial court's denial of petitioner's post-conviction petition. The Appellate Court held that "[w]e . . . find no issues of arguable merit. Accordingly, the motion of the public defender for leave to withdraw as counsel is allowed and the judgment of the circuit court is affirmed." On November 29, 2000, the Illinois Supreme Court denied petitioner's petition for leave to appeal.

Petitioner filed a second post-conviction petition on May 7, 1999. On June 8, 1999, the trial court summarily dismissed the second post-conviction petition as frivolous and patently without merit. The trial court did not reduce its decision to writing. Petitioner then appealed to the Illinois Appellate Court regarding the dismissal of his second post-conviction petition. Appointed counsel again filed a Finley motion indicating that the petition is untimely and that there are no issues of merit. On March 29, 2000, the Illinois Appellate Court granted counsel's Finley motion and affirmed the trial court's dismissal of petitioner's second post-conviction petition. The Appellate Court held that we "have found no issues of arguable merit.. . . Accordingly, we grant the motion

of the public defender for leave to withdraw as counsel and affirm the order of the circuit court of Cook County."

On January 2, 2001, petitioner filed the instant habeas corpus petition. In his habeas petition, petitioner raises the following claims: 1) ineffective assistance of trial and appellate counsel; and 2) the prosecution used two witness statements improperly. Respondent has filed a motion to dismiss the habeas petition, claiming that it is not timely filed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) states that the running of the statute of limitations period begins at the occurrence of one of four events:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a tolling provision that states that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, the judgment became final by the conclusion of direct review on December 3, 1997, the date the Illinois Supreme Court denied leave to appeal. Thus, petitioner had one year from December 3, 1997, or until December 2, 1998 to file his habeas petition. This habeas petition was filed in this court on January 2, 2001, well outside the statute of limitations.

3

Petitioner, however, can still prevail if he can show that a properly filed petition for post-conviction relief filed in the state court tolled the running of the statute of limitations. Respondent argues that, since Petitioner's petition for post-conviction relief was not properly filed, it cannot serve to toll the one year statute of limitations period pursuant to § 2244(d)(2).

The Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.*, provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. People v. Flores, 153 Ill.2d 264, 272, 606 N.E.2d 1078 (1992); People v. Eddmonds, 143 Ill.2d 501, 510, 578 N.E.2d 952 (1991). Under the Illinois Post-Conviction Hearing Act, petitioner has six months from the date of the denial of his petition for leave to appeal on direct appeal or 3 years from the date of conviction, whichever was sooner, to file his post-conviction petition. 725 ILCS 5/122-1(c).

"Whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it as procedurally irregular it has not been 'properly filed.'" Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000). If a state's decision rests on "both a procedural default and a lack of merit, then federal review is foreclosed, provided the finding of default is clear." Harris v. Reed, 489 U.S. 255 (1989).

In this case, the trial court considering the first post-conviction petition considered the merits and found that "no substantial constitutional issue is presented. . . . Therefore, this court hereby dismisses said P.C. petition as frivolous and patently without merit." There is no mention at all regarding the petition being untimely filed or outside the statute of limitations. Moreover, the Illinois Appellate Court reviewing the dismissal of the post-conviction petition held: "We . . . find no issues of arguable merit. Accordingly, the motion of the public defender for leave to withdraw

4

as counsel is allowed and the judgment of the circuit court is affirmed." Again, no mention is made that the petition is untimely.

Petitioner also filed a second post-conviction petition which the state courts also treated as properly filed. Although the trial court dismissed the second post-conviction petition in court without reducing his decision to writing, as far as we can tell, the Judge does not hold that the petition is untimely filed. Moreover, the Illinois Appellate Court, the last court to consider the issue, held that it "found no issues of arguable merit." Therefore, the basis of these courts' rulings was on the merits of the petition. The courts did not hold that the petition was untimely filed.

As we stated earlier, whether a petition is "'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits, it has been properly filed." Fernandez v. Sternes, 227 F.2d 977, 978 (7th Cir. 2000). In this case, the state courts clearly entertained the petitions on their merits. There is no clear finding of untimeliness or default by any of the state courts which considered the post-conviction petitions. Therefore, the state courts considered the petitions to be "properly filed," and we must defer to the Illinois courts in matters of state procedural law. Thus, we too must consider the post-conviction petitions to be properly filed.

Based upon the foregoing, the post-conviction petitions served to toll the running of the statute of limitations. Therefore, the one year statute of limitations began to run on March 29, 2000, the date the Illinois Appellate Court dismissed the second post-conviction petition. Thus, petitioner had until March 28, 2001 to file the instant petition for habeas corpus. Since he filed the habeas petition on January 2, 2001, it is considered timely filed.

Accordingly, we deny respondent's motion to dismiss petitioner's petition for habeas corpus.

5

## CONCLUSION

For the foregoing reasons, we deny the motion of the respondent, James Chrans, to dismiss the petition for habeas corpus (#7-1). Respondent is given until May 2, 2002 to file an answer to the petition for habeas corpus. Petitioner is given until June 13, 2002 to file a reply brief.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 27, 2002

6